**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | **NOT FOR PUBLICATION** |
| MARIA GRANVILLE, | Chapter 13 |
| Debtor. | Case No. 26-11455 (JPM) |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO IMPOSE THE STAY**

**JOHN P. MASTANDO III**
**UNITED STATES BANKRUPTCY JUDGE**

## I. INTRODUCTION

This matter arises from the Chapter 13 case of Maria Granville (the "**Debtor**"). Before the Court is the Debtor's motion, dated June 19, 2026, seeking entry of an order imposing the stay pursuant to 11 U.S.C. § 362(c)(4)(B) (the "**Motion**"). (Dkt. No. 2). On July 6, 2026, Doryne Coaxum and Tracey Alston (the "**Creditors**"), as co-executors of the estate of Donald Coaxum ("**Coaxum**"), filed a response opposing the Motion (the "**Opposition**"). (Dkt. No. 11). The Court held a hearing on August 20, 2026, to consider the relief requested in the Motion (the "**Hearing**"). (Dkt. No. 26). The Chapter 13 Trustee did not file a response.

Having considered the Motion, the Opposition, the arguments presented at the Hearing, and the record as a whole, the Court finds that the Debtor has failed to demonstrate good cause to impose the stay. Thus, for the reasons set forth below, the Motion is **DENIED**.

## II. BACKGROUND

The Debtor is a repeat filer, having filed two prior bankruptcies in this District. The Debtor filed her first case on May 3, 2023, initially seeking relief under Chapter 11. *See In re Granville*, No. 23-10698 (JPM) (Bankr. S.D.N.Y. filed May 3, 2023) (the "**First Case**"). That case was

converted to Chapter 7 on January 4, 2024, and subsequently dismissed on September 23, 2024, upon the Debtor's motion for voluntary dismissal under 11 U.S.C. § 707(a). (*See* First Case, Dkt. No. 70).

The Debtor filed her second case on February 24, 2025, seeking relief under Chapter 13. *See In re Granville*, No. 25-10330 (PB) (Bankr. S.D.N.Y. filed Feb. 24, 2025) (the "**Second Case**"). On April 2, 2025, Coaxum filed a motion for relief from the automatic stay as to the Debtor's property located at 246 Lenox Avenue, New York, NY 10027 (the "**Property**"). (*See* Second Case, Dkt. No. 21). The Court granted stay relief in favor of Coaxum on June 16, 2025. (*Id*. Dkt. No. 47). On September 29, 2025, the Court entered an order dismissing the Second Case with a 180-day bar to refiling, having found that the Debtor "filed [the] case in bad faith," as evidenced by her failure to attend multiple scheduled § 341 meetings and her failure to timely cure all filing deficiencies (the "**Dismissal Order**"). (*Id*. Dkt. No. 52). In addition to the with-prejudice dismissal, the Court imposed a prospective limitation on the automatic stay, "limiting the application of the automatic stay with respect to any action by [Coaxum] to exercise [his] foreclosure or other enforcement rights in any future bankruptcy filing by the Debtor." (*Id*.).

The Dismissal Order states:

> **ORDERED**, that any filing by the Debtor under Title 11 of the United States Code is barred for 180 days from July 10, 2025 (the "**180-Day-Period**") pursuant to Bankruptcy Code § 109(g); and it is further
> **ORDERED**, that any filing by the Debtor under Title 11 of the United States Code within two years from the date of expiry of the 180-Day Period shall not trigger the automatic stay provisions in the Bankruptcy Code § 362(a) with respect to any action or any judgment enforcement efforts against the Debtor by the Movant; provided, however, that this Order is without prejudice to the Debtor's right to seek an order of the bankruptcy court in any such future case imposing the automatic stay as to such actions for good cause shown.

(*See* Second Case, Dkt. No. 52).

Before the Court entered the Dismissal Order, however, Coaxum passed away on August 7, 2025. (Dkt. No. 11, ¶ 26). The Creditors have therefore "stepped into [Coaxum's] shoes" as co-executors of his estate, "succeeding to the same rights" as Coaxum. (*Id.*). On June 19, 2026, less than nine months after the Court dismissed the Second Case, the Debtor filed this third bankruptcy case. (Dkt. No. 1).

Also on June 19, 2026, the Debtor filed the Motion seeking to impose the automatic stay. (Dkt. No. 2). The Debtor represents that, since dismissal of the Second Case, she "continued her efforts to address the indebtedness affecting the Property," and that she has "commenced the present Chapter 13 case" to provide for "the orderly repayment of creditors." (*Id.* ¶ 10). The Debtor further contends that this Chapter 13 case was filed in good faith, that the prior case was dismissed "due to inadvertent missing of deadlines," and that the Debtor "now has substantial available funds, recurring income, and a bona fide commercial financing opportunity" to fund a "feasible Chapter 13 plan." (*Id.* ¶¶ 9, 47). Given these alleged changes in circumstances, the Debtor argues that "good cause" exists to impose the automatic stay notwithstanding the Dismissal Order. (*Id.* ¶ 48). On June 21, 2026, the Court held a hearing to consider the Motion. (*See* June 21, 2026 Hr'g. Tr.). Based in part on the representations made by the Debtor, the Court imposed the stay on a temporary basis pending further responses by any interested parties and final resolution of the Motion. (*Id.*).

The Creditors objected to the Debtor's Motion. On July 6, 2026, the Creditors filed the Opposition, arguing that a stay should not be imposed because the Dismissal Order plainly applies to the Debtor's instant bankruptcy case. The Dismissal Order expressly states that the Debtor is barred from refiling a bankruptcy case under any chapter in any district "for 180 days," and that the automatic stay shall not apply to any action brought by Coaxum against the Debtor or her

Property in a future bankruptcy case within two years of the expiration of the 180-day period. (*See* Dismissal Order, Dkt. No. 52). Although the Dismissal Order refers to Coaxum, the Creditors argue that, because they have stepped into Coaxum's shoes as co-executors of his estate, the same limitation applies to them. (Dkt. No. 11).

Even if the Debtor is permitted to seek imposition of the stay upon a showing of "good cause," as contemplated by the Dismissal Order, the Creditors argue that the Debtor has failed to make that showing. According to the Creditors, the Debtor "has abused the [B]ankruptcy [C]ode by filing three bankruptcy petitions over the past three years, all on the eve of foreclosure sales, with no genuine attempt to reorganize her debts." (Dkt. No. 11). Additionally, the Creditors point out that the Debtor has mischaracterized her failure to appear at the scheduled § 341 meetings in the Second Case as "inadvertent," when the Court had found that she "willfully" failed to appear and that such failure evidenced "bad faith." (*Id.* ¶¶ 17, 25). The Creditors also allege that the Debtor has misrepresented the Property as encumbered by total indebtedness of $665,000, when, in fact, the Property was "subject to liens over $1.5 million." (*Id.* ¶ 25). The Creditors further assert that, despite the Debtor's vague references to having "available funds in the approximate sum of $300,000," the Debtor "list[ed] under $2,000 in cash on her schedules" and furnished no evidence showing that she is able to fund a feasible Chapter 13 plan. (*Id.* ¶ 28). Taken as a whole, the Creditors argue that the Debtor has failed to show good cause, and therefore that the Debtor's request to impose the stay is unwarranted.

## III. <u>LEGAL STANDARD</u>

"Section 362(a) of the Bankruptcy Code provides that the filing of a bankruptcy petition 'operates as a stay, applicable to all entities, of' most actions against the debtor, the debtor's property, and property of the bankruptcy estate." *In re DiPietro*, No. 17-CV-9423-KMK, 2019

WL 457601, at *2 (S.D.N.Y. Feb. 5, 2019) (quoting 11 U.S.C. § 362(a)). The automatic stay is "one of the fundamental debtor protections provided by the bankruptcy laws." *Midlantic Nat'l Bank v. N.J. Dep't of Env't Prot.*, 474 U.S. 494, 503 (1986).

"The coverage provided by the automatic stay is broad, but not limitless." *In re New Dragon Toy Wholesale, Inc.*, 659 B.R. 261, 263 (Bankr. S.D.N.Y. 2024); *see also In re Neely*, No. 09-74877-AST, 2010 WL 1380376, at *2 (Bankr. E.D.N.Y. Mar. 31, 2010). In enacting the Bankruptcy Abuse Prevention and Consumer Protection Act in 2005, Congress "added a number of Code provisions designed to curb bad faith serial filings, principally by limiting the automatic stay for repeat filers." *In re Corben*, 667 B.R. 791, 798 (Bankr. S.D.N.Y. 2025). Under § 362(c)(4)(A), if an individual debtor files a case under title 11 and "2 or more" prior cases of that debtor "were pending within the previous year but were dismissed," the automatic stay "shall not go into effect upon the filing of the later case." 11 U.S.C. § 362(c)(4)(A)(i). In such circumstances, § 362(c)(4)(B) permits a party in interest to request an order imposing the stay, but the court may grant such relief only if the moving party demonstrates that the filing of the later case "is in good faith as to the creditors to be stayed." 11 U.S.C. § 362(c)(4)(B); *see also In re Marcano*, No. 19-11228 (JLG), 2019 WL 2612730, at *3 n.4 (Bankr. S.D.N.Y. June 24, 2019).

Section 362(c)(4)(D) further provides that, for purposes of § 362(c)(4)(B), a case is "presumptively filed not in good faith" in certain circumstances. *In re O'Farrill*, 569 B.R. 586, 590 (Bankr. S.D.N.Y. 2017) (citing 11 U.S.C. § 362(c)(4)(D)). As relevant here, that bad-faith presumption may arise where a debtor's prior case was dismissed while a creditor's stay relief motion was still "pending" or if the stay relief motion "had been resolved by terminating, conditioning, or limiting the stay" as to that creditor. 11 U.S.C. § 362(c)(4)(D)(ii); *see also In re Ajunwa*, No. 11-11363 ALG, 2012 WL 3820638, at *5 (Bankr. S.D.N.Y. Sept. 4, 2012) ("Such a

proceeding is presumptively not filed in good faith as to a particular creditor if as of the date of dismissal of the prior case a motion for stay relief was still pending."); *In re Goodrich*, 591 B.R. 538, 545-56 (Bankr. D. Vt. 2018) (explaining that a case is "presumptively filed not in good faith" if a creditor's motion "terminating, conditioning, or limiting the stay" has been granted against the debtor prior to dismissal). If the bad-faith presumption applies, it may be rebutted only by "clear and convincing evidence." 11 U.S.C. § 362(c)(4)(D); *see also In re Toor*, 477 B.R. 299, 306 n.5 (D. Conn. 2012); *In re SPAC Recovery Co.*, 676 B.R. 708, 718 (Bankr. S.D.N.Y. 2026) ("[W]here bad faith is presumed due to repeat filing under § 362(c), the debtor must rebut that presumption by 'clear and convincing evidence to the contrary.'").

Apart from § 362(c)(4), bankruptcy courts have authority to enforce prior orders limiting or conditioning the automatic stay in later-filed cases. *See In re River Ctr. Holdings, LLC*, 394 B.R. 704, 711 (Bankr. S.D.N.Y. 2008) (holding that § 105(a) authorizes a bankruptcy court "to enforce and implement" earlier orders); *see also In re 2300 Xtra Wholesalers, Inc.*, No. 10-CV-7292-PKC, 2011 WL 672353, at *2 (S.D.N.Y. Feb. 4, 2011) ("Bankruptcy courts retain jurisdiction to interpret and enforce previously entered orders in a variety of circumstances, even after a case has been dismissed or closed."). Thus, where a prior dismissal order provides that the automatic stay will not apply in a future case as to a specified creditor, the debtor bears the burden of demonstrating that relief from that prior limitation is warranted. *See In re Adelphia Commc'ns Corp.*, 302 B.R. 439, 449 (Bankr. S.D.N.Y. 2003) ("[W]hen the stay does not apply automatically, the debtor then bears the burden of demonstrating that circumstances warrant extending the stay.").

In determining whether good faith exists in the repeat-filing context, courts "must review the totality of the circumstances." *In re Ginn*, 653 B.R. 587, 592 (Bankr. S.D.N.Y. 2023). "Relevant considerations for rebutting that presumption include: (1) whether there has been a

substantial change in the debtor's financial or personal affairs since dismissal of the prior case, and (2) whether the record otherwise shows that the present case is likely to result in a confirmed plan that will be fully performed." *In re Cameau*, No. 26-10375-JPM, 2026 WL 1361691, at *3 (Bankr. S.D.N.Y. May 14, 2026) (citing 11 U.S.C. § 362(c)(3)(C)(i)(III)); *see also Ajunwa*, 2012 WL 3820638, at *5 (holding that the later-filed case is "presumptively not filed in good faith as to all creditors if inter alia there has not been a substantial change in the financial or personal affairs of the debtor since the prior dismissal"). "Absent that showing, the presumption of bad faith remains unrebutted." *Cameau*, 2026 WL 1361691, at *3.

## IV. <u>ANALYSIS</u>

The threshold issue is whether the Debtor has shown good cause to impose the stay notwithstanding the Dismissal Order's two-year limitation on the automatic stay. The Dismissal Order provides that any bankruptcy filing by the Debtor within two years from the expiration of the 180-day bar "shall not trigger the automatic stay provisions in the Bankruptcy Code § 362(a) with respect to any action or any judgment enforcement efforts against the Debtor by [Coaxum]," while preserving the Debtor's right to seek an order imposing the stay "for good cause shown." (Second Case, Dkt. No. 52). The present case was filed on June 19, 2026, less than nine months after entry of the Dismissal Order and within the two-year period specified by that order. (*Id.*). Although the 180-day bar to refiling has expired, the Dismissal Order's two-year limitation on the automatic stay is still in effect. (*Id.*). Thus, the Debtor must demonstrate good cause before the stay may be imposed against the Creditors.

The Court finds that Debtor has not carried her burden to show good cause. As explained above, the Court dismissed the Second Case with prejudice after finding that the Debtor filed that case in bad faith, as evidenced by her failure to attend multiple scheduled § 341 meetings and her

failure to cure filing deficiencies. (*Id.*). The Debtor now characterizes the dismissal of the Second Case as resulting from the "inadvertent missing of deadlines" and argues that dismissals based on mere "procedural deficiencies" do not establish bad faith. (Dkt. No. 2 ¶ 47). But that characterization directly contradicts the Court's findings in the Second Case. There, the Court dismissed the Debtor's case with prejudice, based on the Court's finding that the Debtor's failure to comply with her basic Chapter 13 obligations was "willful." (Second Case, Dkt. No. 52). Although the Debtor claims to have remedied those failures and asserts that she is now prepared to fully comply with her obligations as a Chapter 13 debtor, those assertions remain vague and conclusory. (Dkt. No. 2). The Debtor has not submitted concrete evidence—let alone "clear and convincing evidence"—showing that the circumstances that led to dismissal of the Second Case have been remedied or that this case was filed in good faith.

The Debtor also has not shown a material change in circumstances sufficient to justify imposing the stay. The Debtor generally alleges that she now has "substantial available funds, recurring income, and a bona fide commercial financing opportunity" that will permit her to fund a feasible Chapter 13 plan. (*Id.* ¶ 9). But those assertions are not adequately supported by the record. The Debtor has not provided evidence sufficient to establish the availability, source, or terms of the alleged financing. Nor has she shown, on the present record, that the proposed funding is sufficient to address the secured indebtedness asserted against the Property and permit confirmation and performance of a feasible Chapter 13 plan. To the contrary, the Creditors' objections underscore that the Debtor lacks sufficient means to fund a feasible Chapter 13 plan, casting serious doubts on the Debtor's alleged good faith. The Creditors assert that the Debtor has understated the liens against the Property, failed to substantiate her alleged access to approximately

$300,000 in funds, and offered no concrete evidence demonstrating that this case is materially different from the prior cases. (Dkt. No. 11). The Debtor has not adequately rebutted those points.

The Court recognizes that the Debtor is an elderly woman who has resided in the Property for a long period of time, and that she might "lose her longtime residence before having an opportunity to reorganize her financial affairs" if the stay is not imposed. (Dkt. No. 2, ¶¶ 14, 26). While sympathetic to the Debtor's financial situation, the Court finds that the weight of the evidence counsels against imposing the stay. The Debtor previously obtained the protection of the automatic stay in the First Case and the Second Case. (*See* First Case, Dkt. No. 1; *see also* Second Case, Dkt. No. 1). The Second Case was dismissed with a finding of bad faith and with an express limitation on the automatic stay in any future case filed within the relevant period. (*See* Second Case, Dkt. No. 52). To impose the stay now, the Debtor must do more than express an intent to reorganize or allege improved financial circumstances. *See Cameau*, 2026 WL 1361691, at *3. She must demonstrate good cause based on "clear and convincing evidence." *See Toor*, 477 B.R. at 306 n.5; *see also SPAC Recovery*, 676 B.R. at 718. She has not done so.

To the extent the Debtor argues that the Dismissal Order does not extend to the Creditors because it was limited to Coaxum, that argument is unavailing. In determining whether the Creditors may enforce rights that belonged to a deceased creditor, the Court looks to the law of the state that governs those rights—which in this case is New York law. *See, e.g.*, *Kimbrough v. Comm'r of Soc. Sec.*, No. 20-CV-6785-AT-VF, 2026 WL 2448013, at *4 (S.D.N.Y. July 27, 2026) ("Courts typically look to state law to determine whether a person is a proper 'successor or representative' of the decedent."); *Loguidice v. Gerber Life Ins. Co.*, No. 20-CV-3254-KMK, 2023 WL 6162925, at *4 (S.D.N.Y. Sept. 21, 2023) ("State law determines whether a person is a proper 'successor' or a 'representative' of the deceased party."); *United States v. Veeraswamy*, 765 F.

Supp. 3d 168, 196 (E.D.N.Y. 2025) ("Whether a person is a proper 'successor or representative' of the decedent is determined by state law."). Under New York law, a cause of action in favor of a decedent generally survives the decedent's death and may be brought or continued by the decedent's personal representative. *See Tumminia v. Staten Island Univ. Hosp.*, 241 A.D.3d 17, 21 (N.Y. 2d Dep't 2025); *see also Vasconcellos v. City of New York*, No. 12-CV-8445-CM, 2014 WL 4961441, at *3 (S.D.N.Y. Oct. 2, 2014) (applying New York law). As N.Y. Est. Powers & Trusts Law § 11-3.2(b) provides, "[n]o cause of action for injury to person or property is lost because of the death of the person in whose favor the cause of action existed," and "[f]or any injury an action may be brought or continue by the personal representative of the decedent." N.Y. Est. Powers & Trusts Law § 11-3.2(b). Thus, the fact that Coaxum has passed away does not extinguish the rights that the Dismissal Order protected. The Creditors, as co-executors of Coaxum's estate, succeed to those rights for purposes of enforcing their judgment claims and opposing imposition of the automatic stay. *See id*. The Dismissal Order therefore applies to the Creditors to the same extent it applied to Coaxum.

## V. CONCLUSION

For the foregoing reasons, the Court finds that the Debtor has failed to establish good cause to impose the automatic stay as to the Creditors. Accordingly, the Motion is hereby **DENIED**.

**IT IS SO ORDERED.**

Dated: September 10, 2026
New York, New York

/s/ John P. Mastando III
HONORABLE JOHN P. MASTANDO III
UNITED STATES BANKRUPTCY JUDGE